UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEREK TODD,<br><br>           Plaintiff,<br><br>    v.<br><br>OFFICER TALTON B# 410; JOHN OBERHOLTZER #A55023; JOHN HOFFMAN; BRENDA HOFFMAN; SETH HOFFMAN; SHARON HOFFMAN; SUZANNE HOFFMAN; and SONDRA HOFFMAN,<br><br>           Defendants. | No. 2:13-cv-1596-KJM-EFB PS<br><br><u>ORDER AND FINDINGS AND</u><br><u>RECOMMENDATIONS</u> |

       This case, in which plaintiff is proceeding *in propria persona*, was referred to the undersigned under Local Rule 302(c)(21), pursuant to 28 U.S.C. § 636(b)(1).  Plaintiff seeks leave to proceed *in forma pauperis* pursuant to 28 U.S.C. 1915.  His declaration makes the showing required by 28 U.S.C. §1915(a)(1) and (2).  *See* ECF No. 2.  Accordingly, the request to proceed *in forma pauperis* is granted.  28 U.S.C. § 1915(a).

       Determining that plaintiff may proceed *in forma pauperis* does not complete the required inquiry.  Pursuant to § 1915(e)(2), the court must dismiss the case at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

1

1    Although pro se pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519,
2    520-21 (1972), a complaint, or portion thereof, should be dismissed for failure to state a claim if it
3    fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl.*
4    *Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41
5    (1957)); *see also* Fed. R. Civ. P. 12(b)(6). "[A] plaintiff's obligation to provide the 'grounds' of
6    his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of
7    a cause of action's elements will not do. Factual allegations must be enough to raise a right to
8    relief above the speculative level on the assumption that all of the complaint's allegations are
9    true." *Id*. (citations omitted). Dismissal is appropriate based either on the lack of cognizable
10   legal theories or the lack of pleading sufficient facts to support cognizable legal theories.
11   *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

12   In reviewing a complaint under this standard, the court must accept as true the allegations
13   of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740 (1976),
14   construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the
15   plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). A pro se plaintiff must satisfy
16   the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2)
17   "requires a complaint to include a short and plain statement of the claim showing that the pleader
18   is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds
19   upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing
20   *Conley v. Gibson*, 355 U.S. 41 (1957)).

21   Additionally, a federal court is a court of limited jurisdiction, and may adjudicate only
22   those cases authorized by the Constitution and by Congress. *Kokkonen v. Guardian Life Ins. Co.*,
23   511 U.S. 375, 377 (1994). The basic federal jurisdiction statutes, 28 U.S.C. §§ 1331 & 1332,
24   confer "federal question" and "diversity" jurisdiction, respectively. Federal question jurisdiction
25   requires that the complaint (1) arise under a federal law or the U. S. Constitution, (2) allege a
26   "case or controversy" within the meaning of Article III, § 2 of the U. S. Constitution, or (3) be
27   authorized by a federal statute that both regulates a specific subject matter and confers federal
28   jurisdiction. *Baker v. Carr*, 369 U.S. 186, 198 (1962). To invoke the court's diversity

jurisdiction, a plaintiff must specifically allege the diverse citizenship of all parties, and that the matter in controversy exceeds $75,000. 28 U.S.C. § 1332(a); *Bautista v. Pan American World Airlines, Inc.*, 828 F.2d 546, 552 (9th Cir. 1987). A case presumably lies outside the jurisdiction of the federal courts unless demonstrated otherwise. *Kokkonen*, 511 U.S. at 376-78. Lack of subject matter jurisdiction may be raised at any time by either party or by the court. *Attorneys Trust v. Videotape Computer Products, Inc.*, 93 F.3d 593, 594-95 (9th Cir. 1996).

Plaintiff's complaint is brought under 42 U.S.C. §§ 1983 and 1985. He alleges that in 2004, his three-year old daughter resided with defendants Sondra Hoffman (the mother of plaintiff's daughter), John Hoffman and Brenda Hoffman (the daughter's maternal grandparents), and Seth Hoffman and Sharon Hoffman (the daughter's maternal uncle and aunt). ECF No. 1 at 5. Plaintiff alleges that on May 4, 2004, Brenda and John[1] brought plaintiff's "daughter to him for court ordered visitation with bloody panties." *Id*. at 3. The day before plaintiff's daughter was examined by defendant John Oberholtzer, a medical doctor. *Id*. Plaintiff claims that Dr. Oberholtzer concealed the fact that plaintiff's daughter had been sexually assaulted because he wanted Sondra and her family to get away with lewd conduct. *Id*. at 3, 10.

In May 2013, more than nine years later, plaintiff reported to the Vacaville Police Department that his daughter was the victim of lewd conduct by Brenda, John, Seth, Sharon and/or Sondra. *Id*. at 4, 8. However, defendant Talton, a Vacaville police officer, refused to investigate the lewd conduct, write a report about the incident, or report the incident to Child Protective Services or the District Attorney's Office. *Id*. Plaintiff claims that Talon wanted the other defendants to get away with lewd conduct. *Id*. at 72. He further claims that Talton conspired with the other defendants to violate his and his daughter's right to equal protection. *Id*. at 3-5.

As currently pleaded, the allegations of plaintiff's complaint fail to satisfy the state action requirement. To state a claim under § 1983, plaintiff must allege: (1) the violation of a federal constitutional or statutory right; and (2) that the violation was committed by a person acting under

---

[1] As six of the defendants have the last name Hoffman, the court refers to the Hoffman defendants by their first name for ease of reference.

the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988). The complaint does not allege that defendants Oberholtzer, John, Brenda, Seth, Sharon, Suzanne, or Sondra were state actors. Plaintiff contends, however, that all defendants were acting under color of state law because defendant Talon, a police officer, "wanted the other Defendants to get away with sexually assaulting the Plaintiff's daughter after he read the Plaintiff's report and Defendant Oberholtzer's medical record." ECF No. 1 at 86. He further argues that the "other Defendants were considered to be state actors when they conspired with Defendant Talon." *Id*.

A private party may be considered to have acted under color of state law when the party "is a willful participant in joint action with the State or its agents." *Dennis v. Spartks*, 449 U.S. 24, 27 (1980). To establish joint action between state actors and a private party, a plaintiff must establish "an agreement or 'meeting of the minds' to violate constitutional rights." *Fonda v. Gray*, 707 F.2d 435, 438 (9th Cir. 1983). Mere acquiescence to the wrongful conduct is insufficient. *Id*. Rather, the plaintiff must demonstrate that each participant "share[d] the general conspiratorial objective." *Id*.

Plaintiff has failed to allege facts demonstrating that the defendants had an agreement or acted in concert to violate his constitutional rights. Instead, he only alleges that Talon wanted the defendants to get away with assaulting his daughter and that the other defendants became state actors when they conspired with Talon. These conclusory allegations are insufficient to establish that the other defendants were acting under color of state law.

Furthermore, plaintiff has failed to allege that any of the defendants violated his right to equal protection under the Fourteenth Amendment. "To state a § 1983 claim for violation of the Equal Protection Clause, a plaintiff must show that he was treated in a manner inconsistent with others similarly situated, and that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class." *Thornton v. City of St. Helens*, 425 F.3d 1158, 1166 (9th Cir. 2005). Plaintiff alleges that he "became a disfavored person to Defendant Talton when he discovered that Defendant John was a retired Solano County local religious leader (Jehovah Witness)." ECF No. 1 at 88. Plaintiff alleges that he is Catholic, that no other defendants are Catholic, and that Talton denied him his "right to equal protection of the

4

law as a courtesy to Defendant John." *Id*. This "courtesy" was somehow engaged in based upon the fact that defendant John and Talon worked in the same building complex. *Id*.

A court cannot "accept as true allegations that are merely conclusory, unwarranted deduction of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). Plaintiff speculates that he was discriminated against because he was a different religion than defendant John, and John and Talon worked in the same complex. Such speculation is insufficient to demonstrate that plaintiff was discriminated against based upon membership in a protected class. Accordingly, plaintiff has failed to state a cognizable claim under section 1983.

Plaintiff also fails to state a conspiracy claim under 42 U.S.C. § 1985. To state a claim for conspiracy to violate constitutional rights, the plaintiff must establish (1) the existence of a conspiracy to deprive the plaintiff of the equal protection of the laws; (2) an act in furtherance of the conspiracy; and (3) a resulting injury. *Addisu v. Fred Meyer, Inc.*, 198 F.3d 1130, 1141 (9th Cir. 2000) (citing *Scott v. Ross*, 140 F.3d 1275, 1284 (9th Cir.1998)). Furthermore, a plaintiff cannot state a conspiracy claim under § 1985 in the absence of a claim for deprivation of rights under 42 U.S.C. § 1983. *See Caldeira v. Cnty. of Kauai*, 866 F.2d 1175, 1182 (9th Cir. 1989) (holding that "the absence of a section 1983 deprivation of rights precludes a section 1985 conspiracy claim predicated on the same allegations"), *cert. denied*, 493 U.S. 817 (1989). As discussed above, plaintiff's complaint fails to state a cognizable claim under section 1983, and also fails to allege facts in support of a conspiracy. Accordingly, plaintiff fails to state a claim under section 1985.

Finally, the court notes that the instant case is simply one of several actions plaintiff has filed in this district. Plaintiff has filed at least three other actions against law enforcement defendants based on their alleged failure to adequately respond to his allegations of child abuse against his children. *See Todd v. Briesenick*, 2:12-cv-856 MCE GGH PS (E.D. Cal.); *Todd v. Briesenick*, 2:13-cv-752 KJM KJN PS (E.D. Cal.); *Todd v. Briesenick*, 2:13-cv-2231 JAM CKD PS (E.D. Cal). Each case was dismissed with prejudice. *See Todd v. Briesenick*, 2:12-cv-856 MCE GGH PS, ECF No. 5; *Todd v. Briesenick*, 2:13-cv-752 KJM KJN PS, ECF No. 8; *Todd v.*

*Briesenick*, 13-cv-2231 JAM CKD PS, ECF No. 6.  In a fourth action filed subsequent to the instant case, plaintiff was declared a vexatious litigant and is now subject to a prefiling screening order.  *See Todd v. Canby*, 2:13-cv-1018 GEB AC PS, ECF No. 5.

In light of the deficiencies in the complaint, as well as plaintiff's history of filing frivolous actions, it does not appear that the defects of the complaint may be cured by amendment. Accordingly, it is recommended that the complaint be dismissed without leave to amend pursuant to 28 U.S.C. 1915(e)(2).  *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (While the court ordinarily would permit a pro se plaintiff to amend, leave to amend should not be granted where it appears amendment would be futile).

Accordingly, it is hereby ORDERED that plaintiff's request to proceed *in forma pauperis*, ECF No. 2, is granted.

Further, it is RECOMMENDED that plaintiff's complaint be dismissed without leave to amend and the Clerk be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED:  March 31, 2015.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE